Slip Op. 09-100

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| Kahrs International, Inc., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Court No. 07-00343 |
| v. | : | |
| | : | Before: |
| United States, | : | Gregory W. Carman, Judge |
| | : | |
| Defendant | : | |

[Held: Plaintiff's motion to file a reply brief is denied. Plaintiff's motion to exclude and to strike are denied.]

Law Offices of George R. Tuttle, A.P.C. (Carl D. Cammarata, George R. Tuttle, and Stephen P. Spraitzar) for Plaintiff.

Tony West, Assistant Attorney General; Jeanne E. Davidson, Director; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Mikki Cottet), for Defendant.

### OPINION & ORDER

September 18, 2009

CARMAN, JUDGE:

### INTRODUCTION[1]

---

[1] The background of this case, brought by the Plaintiff pursuant to 19 U.S.C. § 1581(a), is set forth in slip opinion of the court numbered 09-12, 33 CIT __, 602 F. Supp.2d 1352 (February 19, 2009), familiarity with which is presumed.

Pending before the Court are several motions and cross-motions for summary judgment and a motion to dismiss/strike.[2] Plaintiff, through its present motion, challenges, in part, some of the evidence submitted,[3] particularly two declarations, upon which Defendant moves for summary judgment.

The Court convened a status conference with the parties on June 16, 2009. Pursuant to the Court's directive, with the consent of both parties, a joint stipulation of uncontested facts was submitted ("Stipulation of Facts") (Docket #102) for incorporation in the Court's decision on the summary judgment motions. It was also agreed that each party would be permitted to file separate "proposed findings of facts as to those alleged

---

[2]These pending motions are: (1) Defendant United States' motion to dismiss the Seventh Cause of Action, pursuant to USCIT R.12(b)(1) and 12(b)(5), and motion to strike certain allegations contained in Plaintiff's complaint, pursuant to USCIT R.12(f); (2) Plaintiff's motion for summary judgment on its First Cause of Action in its complaint, pursuant to USCIT R.56; (3) Defendant's cross-motion for summary judgment on the First Cause of Action in Plaintiff's complaint, and for summary judgment on the Third, Fourth and Sixth Causes of Action in Plaintiff's complaint, pursuant to USCIT R.56; (4) Plaintiff's motion for summary judgement on the Second Cause of Action, pursuant to USCIT R.56; and (5) Defendant's cross-motion for summary judgment on the Second Cause of Action, pursuant to USCIT R.56.

[3]In determining the outcome of a motion for summary judgment, the court must examine whether there remains "any genuine issue as to any material fact" in dispute on the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The inquiry into factual matters is only to the extent they are established under the standards articulated in the Federal Rules of Evidence ("Fed. R. Evid."). The court will then examine whether those facts constitute the essential elements of a claim, and whether either party is entitled to a judgment as a matter of law. Summary judgment may be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." USCIT R.56(c).

facts to which the parties could not stipulate." *See* Defendant's Proposed Findings of

Fact ("Def.'s PFF") (Docket #103) and Plaintiff's Concise Statement of Material Facts

Pertaining To The First, Second, Third, Fourth, And Sixth Causes Of Action In The

Complaint (Docket #104).

This latest motion by Plaintiff Käh.rs International, Inc. ("Kahrs"), is stylized as

an Objection And Motion To Exclude Statements, Evidence, And Testimony From

Defendant's Proposed Findings Of Fact ("Pl.'s Mot."). Specifically, Kahrs moves this

Court pursuant to USCIT Rules 7(b), 30(d)(3), 32(b), 37(c) and 56(e)(2) for an order

> sustaining Plaintiff's objections to Defendant's utilization of the
> statements made by both Ms. [Laurel] Duvall[4] and Mr. [Paul]
> Garretto[5] that are cited by Defendant in support of its claimed
> facts and granting Plaintiff's motion to exclude all of the facts
> set forth in Defendant's Proposed Finding of Facts, dated July
> 7, 2009 - Docket #103, that are disputed by Plaintiff, and are
> based upon the statements made by both Ms. Duvall and Mr.
> Garretto in support of those facts,[6] as their statements are
> inadmissable evidence.

---

[4]Ms. Laurel Duvall is Senior Import Specialist, U.S. Customs and Border Patrol
("CBP")

[5]Mr. Paul Garretto is National Import Specialist, CBP.

[6]Plaintiff obliquely is referring to the separate declarations of Laurel Duvall and
Paul Garretto, both of the CBP, which were submitted by Defendant as part of its cross-
motion for summary judgment on the First and Second Causes of Action to the
Plaintiff's Complaint and motion for summary judgment on the Third, Fourth, and
Sixth Causes of Action to the Plaintiff's Complaint in this case. *See* Declaration of
Laurel Duvall (Def.'s X-Mot. SJ, Ex. D) ("Duvall Decl."); Declaration of Paul Garretto
(Def.'s X-Mot. SJ, Ex. E) ("Garretto Decl.").

(Pl.'s Mot. 5.)  Essentially, Plaintiffs move *in limine* seeking an order to exclude certain

paragraphs contained within the Duvall and Garretto Declarations, as well as the

exclusion of any Proposed Findings of Facts proffered by the Defendant that are based

upon the objectionable Duvall and Garretto Declaration statements.  (*Id.*)  Separately,

Plaintiff also moves for an order to strike certain "false and misleading statements" and

"[facts] unsupported by citation to admissible evidence and/or are legal argument"

*contained within* Defendant's Proposed Findings of Facts.  (*Id.* at 9, 23.)

The Defendant (or "Government") opposes this motion as "frivolous" and asks

that it be denied in its entirety.  (Response To Plaintiff's Motion To Exclude Statements,

Evidence, And Testimony From Defendant's Proposed Findings Of Fact ("Def.'s Resp.")

1.)  In addition, Defendant, without expressly moving this Court for specific relief, calls

into question portions of two of Plaintiff's witness declarations.  Namely, Defendant

argues that the declaration of Mr. Sean Brennan, Senior Vice President, Finance &

Operations, Kahrs Int'l Inc.[7] and the declaration of Ms. Megan E. McBurney, Kahrs'

Customs Broker,[8] are inadmissable evidence because portions of their declarations are

---

[7]Three separate Brennan declarations were submitted by Plaintiff: (1) Declaration
of Sean Brennan (Docket #82) ("Brennan Decl. 1"); (2) Second Declaration of Sean
Brennan (Docket #59) ("Brennan Decl. 2"); and (3) Declaration of Sean Brennan 2d
Cause of Action (Docket #57) ("Brennan 2d COA Decl.").

[8]Declaration of Meghan E. McBurney (Docket #15) ("McBurney Decl.").

not based upon either "personal knowledge," or "competence" as to the particular

subject matter, or are simply "argument." (Def.'s Resp. 21-32.)

The Court recently held another status conference with the parties on September

10, 2009 to discuss the present motion. During that conference, the Court requested that

Plaintiff identify the specific paragraphs contained within the Duvall Decl. that it

believed were unsupported by any evidence in this case. Plaintiff identified paragraphs

23–41 of the Duvall Decl. *See* Defendant's Opposition To Plaintiff's Motion For Leave

To File A Reply To Defendant's Response To Plaintiff's Objection And Motion To

Exclude Statements, Evidence, And Testimony From Defendant's Proposed Findings Of

Fact ("Def's Opp. Pl.'s Mot. File Reply") 1-10) (Docket #112).

Finally, Plaintiff has filed a Motion For Leave To File Reply To Defendant's

Response To Plaintiff's Objection And Motion To Exclude Statements, Evidence, And

Testimony From Defendant's Proposed Findings Of Fact ("Pl.'s Mot. File Reply")

(Docket #111).

For the reasons set forth below, the Court (i) denies Plaintiff's motion for leave to

file a reply; and (ii) denies Plaintiff's motion to exclude and to strike.

## DISCUSSION

I.      **Standard of Review**

A decision concerning evidentiary matters is within the sound discretion of the

trial court. *See North American Processing Co. v. United States,* 22 CIT 701, 703, 15 F.

Supp.2d 934, 936 (1998) (*citing Curtin v. Office of Personnel Mgmt.,* 846 F.2d 1373, 1378

(Fed. Cir. 1988).)  "When appropriate, a motion *in limine* to exclude certain evidence is a

favored procedural device granted to prevent a party from encumbering the record

with irrelevant, immaterial, or cumulative matters before trial." *Id.; see also Baskett v.*

*United States,* 2 Cl. Ct. 356, 367-68 (1983).

## II.    Plaintiff's Objection Is Overruled—Ms. Duval and Mr. Garretto Are Fact Witnesses And Not Expert Witnesses And May Give Opinion Testimony

Plaintiff challenges certain statements within Def.'s PFF that are alleged to be

based upon "opinion testimony attributed to the inadmissable evidence of either Ms.

Duvall and/or Mr. Garretto." (Pl.'s Mem. Of Points And Auth. In Supp. Of Pl.'s Obj.

And Mot. To Exclude Statements, Evid., And Testimony From Def.'s PFF ("Pl.'s Br.") 7.)

Specifically, Plaintiff disputes ¶¶29–36, 38–40, 75–86, and 105 of Def.'s PFF, as based

upon the "opinions" of Ms. Duvall and Mr. Garretto. (*Id.*)  Plaintiff contends that

neither Ms. Duvall nor Mr. Garretto are entitled to furnish their opinions on these

matters because such opinions were "based upon [their] purported specialized

knowledge, as well as upon certain unidentified information available to [Ms. Duvall]

that was not disclosed to Plaintiff." (*Id.* at 8.)  Essentially, Plaintiff argues that Ms.

Duvall's and Mr. Garretto's "opinions and inferences" contained within their

declarations and depositions concern "very technical or other specialized knowledge."

(*Id.* at 3.)  Accordingly, because these witnesses testified (and offered opinions and drew

inferences) as to matters that were technical or pertained to specialized knowledge,

Defendant was required to disclose these witnesses as "experts" in conformity with

FED. R. EVID. 702.  (*Id.*)  Plaintiff argues that Defendant neither identified these witnesses

as "experts," nor prepared and produced any expert witness reports to Plaintiff.  (Pl.'s

Mot. 1-2.)  Because Defendant failed to follow this rule of evidence with respect to these

"expert" witnesses, Plaintiff alleges that it was prejudiced.  (*Id.* at 5.)  Therefore, Plaintiff

urges that the identified statements in Def.'s PFF that are based upon the respective

declarations of each witness must be excluded.  (*Id.*)

Defendant responds that the challenged statements contained in its proposed

findings of fact are not only supported by admissible record evidence, but the

statements contained in ¶¶29–36, 38–40, 75–86, and 105 are also admissible because they

are based upon the "personal knowledge" of Ms. Duvall and Mr. Garretto "and not any

specialized, scientific, or technical knowledge within the scope of FED. R. EVID. 702."

(Def.'s Resp. 2-3, 4-8.)

Any affidavit or declaration submitted in support of a summary judgment

motion must be based upon "personal knowledge."  USCIT R.56; *see Palucki v. Sears,*

*Roebuck & Co.,* 879 F.2d 1568, 1572 (7th Cir. 1989).  Personal knowledge may be

established by evidence consisting of the witness' own testimony.  FED. R. EVID. 602.  A

fact witness (as distinguished from an "expert" witness) may provide testimony in the

form of opinions or inferences, so long as those opinions or inferences are "(a) rationally

based on the perception of the witness, (b) helpful to a clear understanding of the

witness' testimony or the determination of a fact in issue, and (c) not based on scientific,

technical, or other specialized knowledge" that would qualify as expert witness

testimony under FED. R. EVID. 702.[9] FED. R. EVID. 701.

Upon reviewing the rules and case law concerning lay witnesses, the Court finds

that section (c) to FED. R. EVID. 701 is the key element that distinguishes testimony based

upon personal knowledge from testimony subject to FED. R. EVID. 702's proscriptions for

expert testimony.  *See, e.g.,* FED. R. EVID. 701 & 702, advisory committee's notes.  To be

sure, "the line between expert testimony under FED. R. EVID. 702 . . . and lay opinion

testimony under FED. R. EVID. 701 . . . is not easy to draw."  *United States v. Ayala-Pizarro,*

---

[9]Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will
> assist the trier of fact to understand the evidence or to
> determine a fact in issue, a witness qualified as an expert by
> knowledge, skill, experience, training, or education, may testify
> thereto in the form of an opinion or otherwise, if (1) the
> testimony is based upon sufficient facts or data, (2) the
> testimony is the product of reliable principles and methods,
> and (3) the witness has applied the principles and methods
> reliably to the facts of the case.

*Id.*

407 F.3d 25, 28 (1 Cir. 2005).  However, many Courts have permitted specialized opinion

testimony, without first qualifying the witness as an expert, because "the particularized

knowledge that the witness has [is derived] by virtue of his or her position in the

business." FED. R. EVID. 701, advisory committee's notes.; *see United States v. Santiago*,

560 F.3d 62, 66 (1st Cir. 2009) ("Rule 701 is meant to admit testimony based on the lay

expertise a witness personally acquires through experience, often on the job.") (citation

and quotations omitted); *Donlin v. Philips Lighting N.A. Corp.*, 564 F.3d 207, 215 (3d Cir.

2009) ("When a lay witness has particularized knowledge by virtue of her experience,

she may testify—even if the subject matter is specialized or technical—because the

testimony is based upon the layperson's personal knowledge rather than on specialized

knowledge within the scope of Rule 702."); *United States v. Rigas*, 490 F.3d 208, 224 (2d

Cir. 2007) ("A witness's specialized knowledge, or the fact that he was chosen to carry

out an investigation because of this knowledge, does not render his testimony "expert"

as long as it was based on his investigation and reflected his investigatory findings and

conclusions, and was not rooted exclusively in his expertise.") (citation and quotations

omitted); *see also Union Pacific Res. Co. v. Chesapeake Energy Corp.*, 236 F.3d 684, 693 (Fed.

Cir. 2001) (acknowledging and applying 5th Circuit law that permitted lay witnesses to

express opinions that required specialized knowledge); *Medforms, Inc. v. Healthcare*

*Mgmt. Solutions, Inc.*, 290 F.3d 98, 111 (2d Cir. 2002) (allowing the lay testimony of a

computer programmer based on his everyday experience with two types of software).

Accordingly, within the bounds of FED. R. EVID. 701, this Court will allow testimony by lay witnesses that have particularized knowledge by virtue of their experience—even if specialized or technical—so long as the testimony is based upon the lay witnesses' personal knowledge, rather than on scientific, technical, or other specialized knowledge within the scope of FED. R. EVID. 702. *See Donlin,* 564 F.3d at 215.

In this regard, Defendant argues that "Ms. Duvall has not received any specialized or technical training or education in connection with the manufacture, construction, or uses of wood or wood products and has never been in the business of buying or selling such goods." (Def.'s Resp. 3.) That said, Ms. Duvall, as a Senior Import Specialist ("SIS") for CBP concentrating in wood and wood products, has become conversant with importers, examined "numerous samples of wood and wood products, studied the Harmonized Tariff Schedule of the United States ("HTSUS") and associated *Explanatory Notes,* read CBP rulings and decisions related to wood and wood products," and reviewed the public internet pages of retail outlets, importers, wholesalers, and trade associations related to wood and wood products. (*Id.* at 4.) Accordingly, it is clear that Ms. Duvall has acquired personal knowledge of wood and wood products.

Defendant also explains that Mr. Garretto, as National Import Specialist for CBP,

has acquired his personal knowledge regarding wood and wood products via

> (1) discussing wood products with importers, sellers, manufacturers, and experts, such as forest products technologists, botanists, and others; (2) examining samples and/or having samples of wood and wood products examined by others; (3) observing the manufacturing processes of certain wood products, including plywood; (4) visiting wholesalers of a variety of plywood products; (5) reviewing catalogs from manufacturers and the marketing and/or sales catalogues, brochures, and other publications from trade associations and wood trade publications; and, (6) regularly visiting the official Internet web or online retail sites of importers and wholesalers in order to ascertain how goods are identified, marketed and sold in the United States.

(*Id.* (*citing* Garretto Decl. ¶¶12, 14, 15, 16; Garretto Depo. Tr. 31-36.) Mr. Garretto does not have a specialized degree in wood products nor has ever been in the business of buying or selling of these products. (*Id.*) In addition, Defendant offers that Mr. Garretto has personally observed plywood flooring being sold in commercial retail stores as engineered wood flooring panels and has even made purchases of plywood. (*Id.* at 5.) He has seen and examined samples of the merchandise in this case as well as samples of the merchandise at issue in the case *Boen Harwood Flooring, Inc. v. United States,* 357 F.3d 1262 (Fed. Cir. 2004). (*Id.*) Based on the foregoing, it is clear that Mr. Garretto also has acquired personal knowledge of a variety of wood products including, but not limited to plywood, engineered wood flooring panels, and other types products at issue in this case. Accordingly, this Court holds that the testimony and declarations

of Ms. Duvall and Mr. Garretto were properly offered in support of its motions for

summary judgment in conformity with FED. R. EVID. 701, because Defendant has

demonstrated that their overall testimony was based upon personal knowledge rather

than scientific, technical, or other specialized knowledge.  Indeed, the manner in which

both Ms. Duvall and Mr. Garretto acquired their knowledge of the subject merchandise

mirrors that of any informed consumer of the products.

  In addition to reviewing the declarations by Ms. Duvall and Mr. Garretto, the

Court has also reviewed the statements contained in Def.'s PFF ¶¶29–36, 38–40, 75–86,

and 105, and finds that they are also admissible since they are derived from the

respective declarations, which are based upon the personal knowledge of Ms. Duvall

and Mr. Garretto.  Additionally, any claims of prejudice are severely muted because

Plaintiff had the opportunity to thoroughly examine both Ms. Duvall and Mr. Garretto

during their respective depositions.  *See, e.g., United States v. Paiva*, 892 F.2d 148, 157 (1st

Cir. 1989) ("The modern trend favors the admission of opinion testimony provided it is

well founded on personal knowledge and susceptible to cross-examination.").  Having

already determined that both Ms. Duvall and Mr. Garretto are proper fact witnesses, the

Court need not address, paragraph-by-paragraph in their declarations, the Court's

reasoning here as it would be repetitive of the previous analysis.

III.   **Plaintiff's Objections Are Overruled; Motion To Strike Is Denied—¶¶12, 32, 36, 69, 71, 72, 84, 85, 86, 89, 96, 99, 100, 105, 106, & 108 Of Defendant's Proposed Findings Of Fact Are Accurate, Complete And/Or Based Upon Reasonable Inferences**

Separate and apart from the above challenge to the Duvall and Garretto declarations based on the lay status of the deponents/declarants, Plaintiff also calls into question certain proposed findings of fact that Plaintiff characterizes as "false or misleading." (Pl.'s Mot. 2; Pl.'s Br. 9-23.) Defendant counters that Plaintiff's contentions in this regard are false. (Def.'s Resp. 9.) Moreover, Defendant argues that many of Plaintiff's objections are themselves unsupported by admissible record evidence. (*Id.*)

The Court sets out below (i) each paragraph that Plaintiff identifies from Def.'s PFF which it has a beef with, (ii) the essence of Plaintiff's stated objection, (iii) Defendant's response, and (iv) concludes with the Court's ruling on each.

**Proposed Findings of Fact ¶12**

> 12.    *Despite the instruction provided by Customs in the August 16, 2006 Notice of Action, Kahrs entered the merchandise it imported in the four entries identified in paragraph 12, above, under Heading 4418, subheading 4418.30.00, HTSUS, the duty-free provision for "assembled parquet panels."* See *Parties' Uncontested Facts, ¶ 4.*

*Plaintiff's Objection:* Kahrs contends that this statement is either false or misleading because it fails to point out that the referenced notice of action was "*not* a Notice of Action, but was only a *Proposed Notice of Action.*" (Pl.'s Br. 10 (emphasis in original).) Kahrs argues that ¶12 is designed to suggest that it "willfully violated

Customs' orders when in fact none existed." (*Id.*)

*Defendant's Response:* Defendant argues that first, there is no such CBP

document as a "Proposed Notice of Action." (Def.'s Resp. 10.)  The form, "Customs

Form 29," is entitled "Notice of Action." (*Id.*)  Next, Defendant points out that, in the

August 16, 2006 Notice of Action (*see* Compl., Ex. 2) "box 12" was checked on the form,

which states that "[t]he following action which will result in an increase in duties is

proposed[.]" (*Id.*)  The Notice of Action also included a "specific classification

instruction" regarding the classification of Kahrs' future entries. (*Id.*)  Kahrs responded

to CBP by letter stating that it disagreed and would "continue to classify this product

under 4418.30.0000 unless instructed otherwise for particular reasons." (*Id.* (*citing* Ex.

N, Def.'s Cross-Mot. for SJ).)  Therefore, Defendant argues that it is a reasonable

inference to draw that "Kahrs' refusal to abide by CBP's classification instruction" in the

Notice of Action was "deliberate, *i.e.*, '**willful**.'" (*Id.* at 10-11.)

*Court's Ruling:*  Plaintiff's objection is overruled as frivolous.  However, in

fashioning its findings of facts for the Slip Opinion on the various pending motions for

summary judgment, the Court will, on its own accord, select those material facts that

are: (1) undisputed based upon the stipulation of the parties (Docket #102); (2)

undisputed based upon admissible record evidence; and (3) drawn from reasonable

inferences based on both (1) and (2), *supra*.  The Court also disregards any inappropriate

argument in the guise of or characterized as a proposed objection.

**Proposed Findings of Fact ¶32**

> 32.    *The face ply of engineered wood flooring panels may be constructed of a single strip or multiple strips of wood; however, this strip construction does not constitute a pattern. Exh. D, Duvall Declaration, ¶42.*

*Plaintiff's Objection:* Kahrs contends that this statement is "erroneous and misleading" because it omits the phrase "geometric or mosaic" before the word "pattern" from ¶42 of Ms. Duvall's declaration. (Pl.'s Br. 10.) Kahrs argues that there is a "significant difference" between describing the "strip construction" as not forming a "pattern" versus not forming a "geometric or mosaic pattern." (*Id.*)

*Defendant's Response:* Defendant argues that its omission of the phrase "geometric or mosaic"from the paragraph "does not render the statement either 'false or misleading.'" (Def.'s Resp. 11.) Indeed, had Defendant referenced the *Explanatory Notes* to Heading 4418 or Ms. Duvall's deposition transcript, the additional evidence would show that there is support for this assertion. (*Id.* at 11-12.)

*Court's Ruling:* Plaintiff's objection is overruled as frivolous. However, in fashioning its findings of facts for the Slip Opinion on the various pending motions for summary judgment, the Court will, on its own accord, select those material facts that are: (1) undisputed based upon the stipulation of the parties (Docket #102); (2) undisputed based upon admissible record evidence; and (3) drawn from reasonable

inferences based on both (1) and (2), *supra*. The Court also disregards any inappropriate

argument in the guise of or characterized as a proposed objection.

### Proposed Findings of Fact ¶36

> 36.    *The 14mm and 15mm engineered wood flooring panels are not "assembled*
> *parquet panels" upon importation.*

*Plaintiff's Objection:* Kahrs contends that this statement is "false." (Pl.'s Br. 11.)

Kahrs contends that "[d]uring Mr. Brennan's deposition, he understood that the

question pertained to assembly on a floor, not the construction of the panel itself." (*Id.*)

Indeed, Kahrs argues, the "panels [themselves] are assembled prior to importation."

(*Id.*)

*Defendant's Response:* Defendant argues that "Kahrs' attempt to recharacterize

the admission it made by and through Mr. Brennan . . . should be flatly rejected by the

Court." (Def.'s Resp. 13.) Defendant contends that Mr. Brennan evidently understood

the questions posed to him during his deposition and though advised, he chose not to

correct or amend his responses within the deposition transcript. (*Id.*) In short,

Defendant advances that "at no time did Mr. Brennan state that the imported

engineered wood flooring panels were 'assembled parquet panels' upon entry into the

United States which is required for classification in Heading 4418." (*Id.* at 13-14.)

*Court's Ruling:* Plaintiff's objection is overruled. Mr. Brennan's statement

stands on its own and need not be re-characterized by Plaintiff's Counsel. However, in

fashioning its findings of facts for the Slip Opinion on the various pending motions for

summary judgment, the Court will, on its own accord, select those material facts that

are: (1) undisputed based upon the stipulation of the parties (Docket #102); (2)

undisputed based upon admissible record evidence; and (3) drawn from reasonable

inferences based on both (1) and (2), *supra.* The Court also disregards any inappropriate

argument in the guise of or characterized as a proposed objection.

### Proposed Findings of Fact ¶¶69, 71 & 72

> 69.    *Kahrs filed nine summonses during the period from September 27, 1996 through February 10, 2000.*
> 71.    *The nine civil actions set forth in ¶¶69 and 70, above, were suspended under* Boen, *which was designated as a test case.*
> 72.    *In those nine civil actions (¶¶69 and 70, above) Kahrs was represented by the same counsel which represented the plaintiff in* Boen *and subsequent to the decision in* Boen, *each of those nine actions was voluntarily dismissed or dismissed by stipulation of the parties.*

*Plaintiff's Objection:* Kahrs contends that these statements are "misleading."

(Pl.'s Br. 12.)  Kahrs argues that Defendant is "trying to leave the Court with the

impression that Plaintiff knew of the *Boen [Harwood]* decision and intentionally refused

to comply with it." (*Id.*)  Plaintiff also contends that "Kahrs was not aware of the *Boen*

decision's applicability to its products during the relevant time period." (*Id.*)  Kahrs

then proffers four "significant facts" in this regard claiming that (1) during the initiation

of all nine cases, CBP's position was that the "correct classification" of its products, was

subheading 4418.30.00, HTSUS. (2) Kahrs' counsel at the time these cases were filed

was different than its present counsel.  (3) Kahrs' previous counsel was retained prior to

2000 by the Kahrs' former management team.  And (4) Kahrs' previous counsel

dismissed the nine actions in 2006 [*sic*], "confirm[ing] . . . Customs' specified

classification under subheading 4418.30.00, HTSUS." (*Id.* at 13.)

    *Defendant's Response:*  Defendant argues that because Kahrs cannot argue about

the factual content of these statements, it chooses to challenge the "potential inference"

that the Court may draw from them. (Def.'s Resp. 16.)  Defendant also argues that even

if Kahrs' "four significant facts" were true, they are irrelevant. (*Id.*)  Finally, the

Defendant cites to authority standing for the proposition that "ignorance of the law is

no excuse." (*Id.*)

    *Court's Ruling:*  Plaintiff's objection is overruled, because the Court does not find

the statements misleading.  The Court also disregards any inappropriate argument in

the guise of or characterized as a proposed objection.  As to the four "significant facts"

posed by Kahrs, this Court finds them irrelevant.  Finally, the Court finds little

sympathy with the Plaintiff's pleas of ignorance.  This court has instructed that

> ignorance of our customs laws does not serve as an excuse for
> a failure to comply with the requirements thereof. . . .The
> principle of law announced in the maxim *ignorantia legis
> neminem excusat* . . . is sanctioned by centuries of experience.
> Anyone dealing with the United States customs authorities is
> presumed to have full knowledge of all laws and regulations
> applicable thereto.

*Pac. Customs Brokerage Co. v. United States,* 28 Cust. Ct. 385, 388 (1952) (citation omitted).

While ignorance may serve as an explanation, it is not sufficient to overcome this

burden.

**Proposed Findings of Fact ¶¶84, 85 & 86**

> 84.    *With the exception of the entries identified in ¶81, above, no import specialist reviewed an entry summary for any of the entries made by Kahrs on or after July 29, 2001 and liquidated before August 16, 2006.*
> 85.    *No import specialist requested a sample or additional information, or effected a change liquidation for any of Kahrs' entries made on or after July 29, 2001 and liquidated before August 16, 2006.*
> 86.    *With the exception, of the entries identified in ¶81, above, all of the Kahrs' [sic] entries liquidated without any kind of review by an import specialist.*

> ***Plaintiff's Objection:*** Kahrs contends that ¶84 is either "false," "misleading," or

that the Government failed to produce the information upon which the statement is

based.[10]  (Pl.'s Br. 13-14.)  Kahrs argues, *inter alia,* that "two of the six entries required

the submission of the commercial invoices at the time these entries [Entry Nos.

3990802301-1 and 3990803895-1] were filed by the words on the CF 7501 'indctr

invreq' . . . . [Accordingly,] [t]his evidence further confirms the review by an import

specialist." (*Id.* at 15.)[11]  Moreover, Kahrs proffers that the data in the attachment to the

---

[10]To the extent that Plaintiff challenges these statements based on the allegation that the Government failed to produce the information upon which the statement is based, this Court will address that particular objection in the following section.

[11]The term "indctr invreq" means that the commercial invoice was requested.  *See* Swanson Depo. Tr. 102:3–104:3.

Case No. 07-00343                                                      *Page 20*

Duvall Declaration for these two entries shows that "an electronic invoice *was* provided

to the Import Specialist who reviewed the commercial invoice and made his or her

remarks in the ACS system of compliance." (*Id.* (emphasis in original).) Next, Kahrs

argues that this statement is false because the CBP Importer Trade Activity ("ITRAC")

Report (Pl.'s Ex. 12, Docket #60) for Kahrs lists the six conducted cargo exams during

the relevant time period, which show "there are comments made in the Import

Specialist Comments column that state each entry was in compliance." (*Id.* at 16.) Next,

Kahrs notes that the "records" show that for Entry No. 399-0808440-1, CBP determined

that it was mismarked as to country-of-origin, and that the "record shows an import

specialist approved the remarking." (*Id.*) The ITRAC Report notation "confirms" that

the import specialist made the comment "after examining the entry and a sample of the

merchandise and approved it, including the classification under 4418.30.0000, HTSUS."

(*Id.*) Finally, as to ¶85, the ITRAC Report "shows that an import specialist must have

requested a sample or additional information" because of the remarks contained within

the "Import Specialist Comments column" indicate compliance. (*Id.* at 17.) Plaintiff

also points to certain redactions that are indicated within the ITRAC Report, which this

Court should order that Defendant is precluded from using in support of its motions

until it is provided in total to the Plaintiff. (*Id.*)

      *Defendant's Response:* Defendant argues that it is Plaintiff's inferences that are

incorrect and unsupported by record evidence. As to ¶84, first, Defendant argues that

the term on the CF 7501 "indctr invreq." was not created by an import specialist but

generated automatically by the Customs' Automated Commercial System ("ACS").

(Def.'s Resp. 18.) Further, an import specialist is not required to review any data that is

filed by the importer in response to this message.[12] (*Id.*) Next, the Government argues

that even if electronic invoices for the questioned entries had been submitted, the

information included therein would have been insufficient to identify the imported

merchandise. (*Id.*) Next, Defendant argues that though Entry No. 399-0808440-1 was

reviewed by an import specialist, "it was **not** reviewed by an import specialist for

classification" and no sample of the merchandise was included. (*Id.* at 18-19.)

Moreover, the evidence—the entry documents and the CF 4647—shows that the

marking violation was discovered by the cargo exam officer and not an import

specialist. (*Id.* at 19.) The proof or country-of-origin marking was submitted to the

import specialist who indicated, as recorded in the ITRAC Report, that "Summary Line

Compliant Marking Certification Accepted." (*Id.*) Finally, as to ¶¶84, 85, and 86, the

evidence shows that no samples were taken. (*Id.* at 20.) The ITRAC Report has a field

that would contain data as to whether any samples were reviewed by import specialists.

---

[12]The Government acknowledges that an additional declaration can be submitted to the Court in support of this proffer if necessary. For the time being, such declaration is not necessary.

(*Id.*)  These fields indicate that no samples for Entry No. 399-0808440-1 or any other

entry subject to a cargo examination were requested or examined.  (*Id.*)  Accordingly,

Kahrs has no basis for arguing that such samples were taken.  (*Id.* at 21.)

 *Court's Ruling:*  Plaintiff's objections are overruled as baseless given that the

supporting facts underlying each statement speak for themselves.  However, in

fashioning its findings of facts for the Slip Opinion on the various pending motions for

summary judgment, the Court will, on its own accord, select those material facts that

are: (1) undisputed based upon the stipulation of the parties (Docket #102); (2)

undisputed based upon admissible record evidence; and (3) drawn from reasonable

inferences based on both (1) and (2), *supra*.  The Court also disregards any inappropriate

argument in the guise of or characterized as a proposed objection.  Finally, the Court

notes Plaintiff's generalized objections as to certain redacted information within "the

Remarks column" of CBP's ITRAC Report.  The Court finds that Kahrs' objections

without particularized focus are improper.

**Proposed Findings of Fact ¶89**

  89. *Because of the security devices or techniques employed, cargo examinations are
not public events and Customs' records of these examinations are not made on the entry
documents or otherwise reported to an importer.  Exh. C, Transcript of the deposition
taken on August 28, 2008 of CBP's designated agent James Swanson, Chief Cargo
Release Branch and Conveyance Security Areas of the CBP Office of Field Operations
(Swanson Deposition).*

  *Plaintiff's Objection:*  Kahrs contends that ¶89 is a false or misleading statement

because "Customs records do indicate the results of the Customs examination, and in

fact, those results are conveyed by Customs back to the importer's Customs Broker"

and are included within its entry papers. (Pl.'s Br. 18.)  In support, Kahrs cites to the

declaration of its Customs Broker, Ms. Megan E. McBurney ("McBurney Decl.") and in

two declarations of Kahrs' designated agent, Mr. Sean Brennan ("Brennan Decl. 1" and

"Brennan Decl. 2"). (*Id.* at 18-19.)

　　*Defendant's Response:*  Defendant argues that it is Plaintiff's inferences that are

"baseless." (Def.'s Resp. 21.)  The Government claims that Plaintiff's assertion that the

results of the cargo examinations are conveyed by CBP to the importer's broker who in

turn conveys that information to the importer, are conclusory and based upon

inadmissible evidence. (*Id.*)  Particularly, the Government contends that portions of the

McBurney declaration and the two Brennan declarations are "sham" affidavits because

they are (i) not based on personal knowledge; (ii) not based on admissible facts; and/or

(iii) the declarant is not competent as to the subject matter. (*Id.* at 22.)

　　The Government argues that in ¶¶13-18 of Brennan Decl. 1, Mr. Brennan

discusses information pertaining to certain entries that were the subject of cargo exams

as contained on the ITRAC Report. (*Id.* at 23.)  Defendant argues that Mr. Brennan is

not competent to testify as to the information contained within the ITRAC Report.  Mr.

Brennan "lacks both personal knowledge and competence to discuss what occurred

during CBP's cargo examinations of Kahrs' entries." (*Id.*) The Government also asserts

that ¶¶16-17 of Brennan Decl. 1 consist of conclusions of law or legal argument. (*Id.* at

n.4.)

The Government also challenges portions of the McBurney declaration for the

same three reasons noted above. (*Id.* at 24-25.) The Government argues that, because

Ms. McBurney was not present during any of the cargo examinations, she has no

personal knowledge of what transpired during those exams, nor has Ms. McBurney

admitted to having any personal knowledge. (*Id.* at 25.) Ms. McBurney has also not

attested to having any independent knowledge of the facts contained within the ITRAC

Report or explained how she might have acquired her knowledge. (*Id.* at 27.)

Moreover, the Government contends, the entry papers that are attached to Ms.

McBurney's declaration do not support many of her statements (*see, e.g.,* ¶7 McBurney

Decl.) including that CBP confirmed the propriety of each entry's classification, and

contain emails (Ex. 2, McBurney Decl.), which themselves contain inadmissible hearsay

as they were drafted by someone other than the declarant, not sent to the declarant, and

were offered to prove the truth of the assertion contained within. (*Id.* at 28-30.) Finally,

many of Ms. McBurney's comments (*see, e.g.,* ¶7 McBurney Decl.) are "bald assertions,

presumptions, unsupported conclusory statements or argument which are not

themselves admissible evidence." (*Id.* at 31.)

*Court's Ruling:*  Plaintiff's objections are overruled as baseless.  Additionally,

though Defendant did not overtly move for an order to exclude the declarations of Ms.

McBurney and Mr. Brennan (though Defendant suggests that they "should be stricken"

(Def.'s Resp. 31)), to the extent that the statements contained within the declarations of

Ms. McBurney and Mr. Brennan are not based upon personal knowledge, this Court

shall disregard them.  *See Coleman v. Blue Cross Blue Shield of Kansas*, 487 F. Supp.2d

1225, 1237 (D. Kan. 2007).  Further, to the extent that the statements contained within

the declarations of Ms. McBurney and Mr. Brennan are based upon inadmissible

hearsay, they too shall be disregarded by this Court.  Finally, to the extent that

particular statements are actually legal argument, unsubstantiated conclusions, or

unsupported characterizations, these statements too shall be disregarded by the Court.

Notwithstanding the above rulings, in fashioning its findings of facts for the Slip

Opinion on the various pending motions for summary judgment, the Court will, on its

own accord, select those material facts that are: (1) undisputed based upon the

stipulation of the parties (Docket #102); (2) undisputed based upon admissible record

evidence; and (3) drawn from reasonable inferences based on both (1) and (2), *supra*.

**Proposed Findings of Fact ¶96**

96.    *Kahrs has no knowledge of what Customs did during the cargo examinations.*

*Plaintiff's Objection:* Kahrs contends that ¶96 is a misleading statement.  (Pl.'s

Br. 19.)  Kahrs maintains that, though the importer does not know what CBP does

during the cargo examination, it is "fully aware" that an exam is to take place and it is

"fully aware" of the "results of the examination."  (*Id.*)

>    *Defendant's Response:*  Defendant argues that this statement is based upon

Plaintiff's admission by its designated agent, Mr. Sean Brennan.  (*See* Def.'s Resp. 32

(*citing* Brennan Depo. Tr. 155-166).)  Therefore it is not misleading.  (*Id.*)

>    *Court's Ruling:*  Plaintiff's objections are overruled as baseless.  However, in

fashioning its findings of facts for the Slip Opinion on the various pending motions for

summary judgment, the Court will, on its own accord, select those material facts that

are: (1) undisputed based upon the stipulation of the parties (Docket #102); (2)

undisputed based upon admissible record evidence; and (3) drawn from reasonable

inferences based on both (1) and (2), *supra*.

**Proposed Findings of Facts ¶¶99-100**

>    *99.     The ITRAC Report contains no record that an import specialist requested or*
>    *examined a sample of the merchandise covered by Entry No. 201-3042459-9.*

>    *100.     The ITRAC Report contains no record that an import specialist was involved in*
>    *the cargo examination of Entry No. 399-0801291-5.*

>    *Plaintiff's Objection:* Kahrs contends that ¶99 is "inaccurate" and ¶100 is "very

misleading and a blatant attempt to mislead the Court."  (Pl.'s Br. 20, 21).  Regarding

¶100, Plaintiff argues that "the ITRAC Report clearly shows that an import specialist

did in fact later become involved and did perform an examination and found no

discrepancies." (*Id.* at 21.)

*Defendant's Response:* Defendant contends that Plaintiff's objection regarding

¶99 is baseless. Concerning Plaintiff's objection as to ¶100, Defendant argues that this

statement is in fact accurate because there is no record that an import specialist was

involved in the cargo examination of Entry No. 399-0801291-5.

*Court's Ruling:* Plaintiff's objections are overruled. The ITRAC Report speaks

for itself. In fashioning its findings of facts for the Slip Opinion on the various pending

motions for summary judgment, the Court will, on its own accord, select those material

facts that are: (1) undisputed based upon the stipulation of the parties (Docket #102); (2)

undisputed based upon admissible record evidence; and (3) drawn from reasonable

inferences based on both (1) and (2), *supra*. Finally, the Court need not credit any

party's characterizations of the facts and will make its findings of material facts at the

appropriate time.

**Proposed Findings of Facts ¶105**

> 105.   *No import specialist participated in the cargo examinations of Entry Nos. 701-5112456-0, 399-0802301-1 and 399-0803895-1.*

*Plaintiff's Objection:* Kahrs contends that ¶105 is "misleading" because

"[i]mport specialists were not involved in the actual cargo examination but were in fact

intimately involved with the entries." (Pl.'s Br. 21.)

*Defendant's Response:*  Defendant contends that Plaintiff's objection regarding

¶105 is "frivolous because it admits the statement is true!"  (Def.'s Resp. 33.)

*Court's Ruling:*  Plaintiff's objection is indeed frivolous and is overruled.

**Proposed Findings of Facts ¶106**

106.    *The only information Kahrs received regarding the five cargo examinations was from its broker or freight forwarder and Kahrs cannot state whether its brokers or the freight forwarders ever received any letters from Customs regarding any of the cargo examinations.*

*Plaintiff's Objection:* Kahrs contends that ¶106 is "misleading" because "[i]t is

an attempt by the Defendant to suggest that Kahrs was not misled by Customs in

connection with the six Customs Examinations."  (Pl.'s Br. 22.)

*Defendant's Response:*  Defendant contends that Plaintiff's objection regarding

¶106 is "frivolous because it admits the statement is true!"  (Def.'s Resp. 33.)

*Court's Ruling:*  Plaintiff's objection is indeed frivolous and is overruled.

**Proposed Findings of Facts ¶108**

108.    *Customs did not advise Kahrs that its entered classifications of any of the engineered wood flooring panels it imported during the period 2001 to 2006 were correct.*

*Plaintiff's Objection:* Kahrs contends that "Customs may not have formally or

specifically advised Kahrs that the entered classification was correct . . . ."  (Pl.'s Br. 23.)

*Defendant's Response:*  Defendant contends that Plaintiff's objection regarding

¶108 is "frivolous because it admits the statement is true!"  (Def.'s Resp. 33.)

*Court's Ruling:*  Plaintiff's objection is indeed frivolous and is overruled.  The

Court also disregards any inappropriate argument in the guise of or characterized as an

objection.

For the foregoing reasons, Plaintiff's motion to strike is denied.

IV.     **Plaintiff's Objections Are Overruled—¶¶ 57-59, 65, 67, and 75-86 Of Defendant's Proposed Findings Of Fact Are Supported By Record Evidence And ¶¶23-41 Of The Duvall Declaration Are Supported By Record Evidence**

The Court now addresses the class of Plaintiff's objections where it argues that

Def.'s PFF are unsupported by record evidence, or "unidentified records" not provided

to the Plaintiff.  (Pl.'s Br. 9, 23-24.)

**Proposed Findings of Facts ¶57**

> 57.     *Since the effective date of the Revocation Ruling stating Customs' position that engineered wood flooring panels are classifiable in Heading 4412, the Secretary of the Treasury has not found the existence of an established and uniform practice of classifying and/or liquidating engineered wood flooring panels as "parquet panels" under Heading 4418, subheading 4418.30.00, HTSUS.*

*Plaintiff's Objection:* Kahrs contends that ¶57 is not supported by any

admissible evidence and in fact, CBP's actions have "established the existence of an

established and uniform practice of classifying and/or liquidating engineered wood

flooring panels as 'parquet panels' under Heading 4418, subheading 4418.30.00,

HTSUS."  (Pl.'s Br. 23.)

*Defendant's Response:* Defendant contends that while "this is true," that it

cannot point to any evidence in support, it equally cannot point to any evidence that

"does not exist." (Def.'s Resp. 14.)

   *Court's Ruling:* To the extent that Plaintiff's objection is legal argument, the

objection is overruled. To the extent that this statement calls for the Court to render a

conclusion of law based on undisputed facts, the Court reserves judgment until such

appropriate time as it issues an opinion on the pending motions for summary

judgment.

**Proposed Findings of Facts ¶¶58-59**

> 58.    *Customs' position that engineered wood flooring panels are classifiable as*
> *"plywood" in Heading 4412 was affirmed by the Court of Appeals for the Federal*
> *Circuit.* See Boen Hardwood Flooring, Inc. v. United States, *27 CIT 40 (2003),*
> *rev'd, 357 F.3d 1262,* panel rehearing and rehearing en banc denied *(Fed. Cir. 2004)*
> *("Boen").*

> 59.    *The merchandise at issue in* Boen *was described as follows:*
>            *The panels are composed of three layers. The top*
>            *layer is constructed of two hardwood strips*
>            *measuring 1/8 inch thick and 2 3/4 inches wide.*
>            *The center layer, or core, is constructed of spruce*
>            *slats, which are 5/16 inch thick, 1 1/16 inches wide*
>            *and 5 9/16 inches long, laid lengthwise so that the*
>            *grain runs perpendicular to the top and bottom*
>            *layers. According to the trial court, there is "minor*
>            *but visible spacing between each piece" of the core.*
>            *254 F. Supp. 2d at 1353. The bottom layer consists*
>            *of two spruce strips measuring 1/8 inch thick and 2*
>            *1/4 to 23/4 inches wide.*
> Boen, *357 F.3d at 1263.*

   *Plaintiff's Objection:* Kahrs contends that ¶¶58-59 are "purely legal argument"

and therefore do not belong in the Findings of Fact. (Pl.'s Br. 23.)

 *Defendant's Response:*  Defendant contends these paragraphs "merely state

facts."  (Def.'s Resp. 15.)

 *Court's Ruling:*  To the extent that Defendants are stating facts, Plaintiff's

objection is overruled.  However, in fashioning its findings of facts for the Slip Opinion

on the various pending motions for summary judgment, the Court will, on its own

accord, select those material facts that are: (1) undisputed based upon the stipulation of

the parties (Docket #102); (2) undisputed based upon admissible record evidence; and

(3) drawn from reasonable inferences based on both (1) and (2), *supra*.  Finally, the

Court need not credit any party's characterizations of the facts and will make its

findings of material facts and conclusions of law at the appropriate time.

**Proposed Findings of Facts ¶¶65 and 67**

 65. *The imported 15mm, 2-strip, 3-ply engineered wood flooring panels are virtually identical to the merchandise at issue in* Boen.

 67. *The imported 14 mm and 15 mm 3-strip engineered wood flooring panels are substantially similar to the merchandise at issue in* Boen.

 *Plaintiff's Objection:*  Kahrs contends that ¶¶65 and 67 "are not supported by

any admissible evidence" and "denies" the statements because Kahrs maintains the

products are different.  (Pl.'s Br. 23-24.)

 *Defendant's Response:*  Defendant contends that the statements are supported by

the evidentiary record, particularly the description of Kahrs' own products by its agent

Mr. Thomas J. Colgan. (Def.'s Resp. 15-16.)

*Court's Ruling:* To the extent that Defendant is stating facts, Plaintiff's objection

is overruled. However, in fashioning its findings of facts for the Slip Opinion on the

various pending motions for summary judgment, the Court will, on its own accord,

select those material facts that are: (1) undisputed based upon the stipulation of the

parties (Docket #102); (2) undisputed based upon admissible record evidence; and (3)

drawn from reasonable inferences based on both (1) and (2), *supra*. Finally, the Court

need not credit any party's characterizations of the facts and will make its findings of

material facts and conclusions of law at the appropriate time.

Finally, Plaintiff has also, as noted above, specifically identified ¶¶23–41 of the

Duvall Decl. that contain statements based on evidence that was allegedly not

produced. (*See also* Pl.'s Br. at 9 (objecting to Def.'s PFF ¶¶ 75-83, which invoke Duvall

Decl. ¶¶29-37, 39.) Plaintiff argues that these alleged "unidentified records," upon

which Ms. Duvall based her opinion, were requested by Plaintiff during discovery, but

which "Defendant refused to provide claiming confidentiality." (*Id.*) This same

objection was re-iterated during the status conference held by this Court on September

10, 2009.

The Government in response argues that Plaintiff's contentions are specious. (*See*

Def.'s Resp. 17-21; Def.'s Resp. Pl.'s Mot. To File Reply 5-10). The Government

proffered and explained, to the satisfaction of the Court, that (i) all evidence upon

which Ms. Duvall based the statements in her declaration was produced to Plaintiff;

and (ii) data that was entered into the ACS computer system, the Automated Broker

Interface ("ABI"), along with other data contained within other computer databases at

Customs, excepting confidential national security materials, was produced to Plaintiff,

under the Freedom of Information Act, in the form of the ITRAC Report. (*See* Def.'s

Resp. Pl.'s Mot. To File Reply 5-10.)  Accordingly, Plaintiff's objection in this regard is

overruled.

Finally, this Court finds the reasons set forth by Plaintiff justifying a motion to

file a reply to this non-dispositive motion unavailing. *Cf. Saha Thai Steel Pipe Co., Ltd. v.

United States,* 661 F. Supp. 1198, 1201 n.5 (Ct. Int'l Trade 1987) ("The court cannot allow

the pre-trial . . . process to become needlessly protracted by endless []reply briefs.")

CONCLUSION

Based on the discussion set forth above, the Court is entering an Order denying

(1) Plaintiff's motion to exclude and to strike and (2) Plaintiff's motion to file a reply.

ORDER

Upon consideration of Plaintiff's motion for leave to file a reply, and its motion

to exclude and to strike, and upon all other papers and proceedings in this case, for the

foregoing reasons, it is hereby

*Case No. 07-00343*                                                          *Page 34*

     **ORDERED** that Plaintiff's motion for leave to file a reply is DENIED; it is further

     **ORDERED** that Plaintiff's motion to exclude and to strike is DENIED.


                                /s/Gregory W. Carman
                                Gregory W. Carman

Dated:       September 18, 2009
               New York, New York

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____         By: _____
                                                                 Deputy Clerk